## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KEVIN STITH and MARSHANDRA STITH,         CASE NO.:
       Plaintiffs,

vs.

CAPITAL ONE SERVICES, LLC,               <u>DEMAND FOR JURY TRIAL</u>
       Defendant,

_____/

## <u>VERIFIED COMPLAINT</u>

**COME NOW**, Plaintiffs, KEVIN STITH and MARSHANDRA STITH (hereafter "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendant, CAPITAL ONE SERVICES, LLC, (hereafter "Defendant"), and state as follows:

## <u>PRELIMINARY STATEMENT</u>

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA) and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## <u>JURISDICTION AND VENUE</u>

1.       Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.       Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiffs reside in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.      Plaintiffs are individuals residing in Pasco County, Florida.

5.      Plaintiffs are consumers as defined by the FCCPA, Fla. Stat. § 559.55(2).

6.      Defendant is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations.

7.      Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Pasco County, Florida.

8.      Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9.      The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Pasco County, Florida, by the Defendant's placing of telephone calls to Plaintiffs' cellular telephones in an attempt to collect a debt.

10.     Defendant, at all material times, was attempting to collect a debt relating to two Capital One Services, LLC, credit cards owned by Plaintiff, KEVIN STITH, with Account No.'s ending in −0967 and −7991.

11.     The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12.     Plaintiff, KEVIN STITH, revoked any prior express consent be contacted via cell phone or any other form of communication on September 16, 2016 at 12:09 P.M via facsimile to Defendant.

13.     In addition to the request not to be contacted by Defendant, Plaintiff, KEVIN STITH'S, facsimile transmission directed Defendant to contact Plaintiff, KEVIN STITH'S, attorney and included the name of the law firm representing Plaintiff, KEVIN STITH, and the contact information for the law firm.

14.     Plaintiff, MARSHANDRA STITH, did not give consent to be contacted on either of these accounts, as she is not a borrower or authorized party on the subject accounts.

15.     Plaintiff, KEVIN STITH, did not give consent for Defendant to contact Plaintiff, MARSHANDRA STITH, on either of these accounts, as she is not a borrower on the subject account.

16.     Plaintiff, KEVIN STITH, is the regular user and carrier of the cellular telephone number ending in -2813 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

17.      Plaintiff, MARSHANDRA STITH, is the regular user and carrier of the cellular telephone number ending in -6101 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

18.     Defendant knowingly and/or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice from Plaintiff, KEVIN STITH, to cease any and all calls after Plaintiff, KEVIN STITH, withdrew any prior consent or permission to be contacted on September 16, 2016.

19.     Defendant knowingly and/or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice that Plaintiff, KEVIN STITH, was represented by an attorney and could readily ascertain the Firm's contact information.

20.     Defendant knowingly and/or willfully called Plaintiff, MARSHANDRA STITH'S, cellular telephone even though Plaintiff, MARSHANDRA STITH, was not a borrower or authorized party on the subject account.

21.     Defendant knowingly and/or willfully harassed and abused Plaintiffs by calling Plaintiffs' cellular telephones up to four (4) times per day from September 16, 2016 through the filing of this complaint.

22.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiffs' cellular telephones.

23.     The following phone number, 800-955-6600, is the phone number Defendant used to call Plaintiffs' cellular telephones.

24.     Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiffs.

25.     Defendant placed calls to Plaintiffs' cellular telephones that included delays in time before the telephone call was transferred to a representative to speak.

26.     Plaintiffs did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiffs after Plaintiffs answered the telephone call.

27.     Defendant left messages on Plaintiffs' cellular telephones that started with a delay in time before the representative joined the line to leave a message.

28.     Some of the voicemail messages received by Plaintiffs on their cellular telephones from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiffs.

29.      Plaintiff, KEVIN STITH'S, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff KEVIN STITH.

30.      Plaintiffs did not initiate any communications.

31.      The calls from Defendant to Plaintiff, KEVIN STITH'S, cellular telephone continued despite Plaintiff, KEVIN STITH, expressly revoking his consent.

32.      The calls from Defendant to Plaintiff, MARSHANDRA STITH'S, cellular telephone continued despite Defendant never having consent to contact Plaintiff, MARSHANDRA STITH.

33.      None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

34.      None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

35.      All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)
### (KEVIN STITH V. CAPITAL ONE SERVICES, LLC)

36.      Plaintiff incorporates all allegations in paragraphs 1-35 as if stated fully herein.

37.      Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

38.      Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

39.      Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

40.    Additionally, Defendant continued to make telephone calls to Plaintiff's cellular telephone after being notified in writing not to contact Plaintiff and to direct any and all future contact to Plaintiff's attorney.

**WHEREFORE**, Plaintiff, KEVIN STITH, demands judgment against Defendant, CAPITAL ONE SERVICES, LLC, for the following relief:

a.    any actual damages sustained by Plaintiff as a result of the above allegations;

b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.    any other relief the Court deems just and proper.

<u>**COUNT II**</u>
**<u>VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)</u>**
**(KEVIN STITH V. CAPITAL ONE SERVICES, LLC)**

41.    Plaintiff incorporates all allegations in paragraphs 1-35 as if stated fully herein.

42.    Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

43.    Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

44.    Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, KEVIN STITH, demands judgment against Defendant, CAPITAL ONE SERVICES, LLC, for the following relief:

      a.      any actual damages sustained by Plaintiff as a result of the above allegations;

      b.      statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

      c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

      d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

      e.      any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)
## (MARSHANDRA STITH V. CAPITAL ONE SERVICES, LLC)

45.     Plaintiff incorporates all allegations in paragraphs 1-35 as if stated fully herein.

46.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

47.     Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

48.     Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone despite the fact that Plaintiff, MARSHANDRA STITH, is not a borrower or authorized party on the subject account.

**WHEREFORE**, Plaintiff, MARSHANDRA STITH, demands judgment against Defendant, CAPITAL ONE SERVICES, LLC, for the following relief:

       a.      any actual damages sustained by Plaintiff as a result of the above allegations;

       b.      statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

       c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

       d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

       e.      any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

49.     Plaintiffs incorporate all allegations in paragraphs 1-35 as if stated fully herein.

50.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

51.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

52.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

53.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, KEVIN STITH and MARSHANDRA STITH, demand judgment against Defendant, CAPITAL ONE SERVICES, LLC, for the following relief:

     a.     statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after September 16, 2016;

     b.     an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

     c.     any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
KEVIN STITH

_____
MARSHANDRA STITH

Date: 3\31\17

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiffs**